[S. F. No. 11409.   Department One.—April 5, 1928.]

C. D. SMITH, Appellant, v. MORRIS RASMUSSEN et al., Respondents.

William R. Biaggi for Appellant.

Louis Oneal, W. F. James and Maurice J. Rankin for Respondents.

SEAWELL, J.—Plaintiff appeals from a judgment in favor of defendants in an action brought by him as assignee to recover $3,250 alleged to have become due and owing to his assignors as a real estate brokers' commission for services performed by said assignors in effecting the exchange of ranch property owned by defendants for an apartment house owned by G. R. Searl and H. Geraldine Searl, his wife.

The complaint alleges that defendants, by an agreement in writing, employed plaintiff's assignors to make the exchange; that said assignors secured an offer of exchange which was accepted by defendants, and the exchange was consummated and such deeds, bills of sale, and other instruments in writing as were necessary to convey title to the respective parcels of realty and appurtenant property were executed and delivered. It is further alleged that the defendants placed a value of $65,000 on the property, and that it was exchanged upon the basis of said valuation, and

that upon the completion of said exchange defendants became indebted to plaintiff's assignors in the sum of $3,250, a sum equal to five per cent of $65,000, as brokers' commission, $3,250 being the reasonable value of the services rendered. The complaint contains no allegation of an express agreement to pay a commission in the sum of $3,250, or in any sum whatsoever.

Plaintiff in his brief sets out two theories upon which he bases his right to recover. The first is that the evidence shows an agreement that plaintiff's assignors were not to be compensated for their services by the payment of a cash commission, but in lieu thereof defendants were to transfer the apartment house which they were receiving in exchange for their ranch property to plaintiff's assignors at a price sufficiently low to enable said assignors to realize a substantial profit upon resale and thus compensate themselves for their services rendered defendants; that defendants having "violated their agreement to give this net contract, he [plaintiff] was entitled to recover the reasonable value of his assignor's services." The second theory advanced by appellant is that the compensation of plaintiff's assignors was to be the difference between the sum of $30,000, which amount was to be respondents' sale price, and whatever sum plaintiff's assignors might be able to obtain for it in advance of said sum of $30,000.

The fallacy of either theory is apparent. Conceding for the purposes of discussion, as plaintiff contends, that defendants did in fact agree to either of such contracts, the remedy for their refusal and failure to perform was an action to recover such damages as the law allows for breach of contract. It is elementary that a refusal to make the contract compensating plaintiff or his assignors in the manner claimed to have been agreed upon would not entitle said assignors or plaintiff to substitute therefor at will an entirely different contract, and to sue upon such substituted contract in lieu of bringing an action for breach of the contract in fact entered into. The complaint herein does not state a cause of action to recover damages for breach of a contract giving plaintiff's assignors the right to buy the property or to sell it for respondents and retain the amount of the selling price in excess of $30,000, and no proof of the amount of damages ensuing from the breach of such con-

tracts was offered. ■ In addition, plaintiff would be without right to recover for breach of said contracts, for the written assignment to him, introduced in evidence herein, is only of a right to recover a cash commission, the assignment transferring the "right, title and interest in and to that claim for broker's commission now held against Morris Rasmussen and Margrethe Rasmussen." The court correctly instructed the jury when he said: "I instruct you that plaintiff's claim is for a money commission and nothing else.

"He is not seeking to enforce an agreement to give him, or his assignors, a net contract for the sale or purchase of the Hester Apartments. He is only entitled to recover if he proves by a preponderance of the evidence that defendants agreed to pay the Santa Clara Valley Realty Company a cash commission for making the exchange here involved, hence I instruct you that if plaintiff has only proved that defendants agreed to give the Santa Clara Valley Realty Company a contract for the sale or purchase of the Hester Apartments and nothing else, plaintiff has not· made out his case and you must render your verdict in favor of the defendants."

■ Decisions to the effect that where a real estate broker or other agent is employed to perform valuable services and no agreement is made as to the amount of remuneration, the law implies a promise to pay the reasonable value of the services rendered, are not applicable here, for the reason that plaintiff's claim, as stated in his brief, is not that there was a failure to provide for compensation, but, rather, that there was a definite agreement to compensate plaintiff's assignors in a particular manner, which agreement defendants refused to perform.

None of the agreements upon which appellant relies to support his cause of action were reduced to writing and the terms of said agreements as attempted to be orally stated are left in a state of uncertainty. Besides, respondents dispute the claim of appellant on all material issues.

Judgment affirmed.

Curtis, J., and Preston, J., concurred.